# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREWORKS NORTHWEST, LLC and SCOTT MILLER and JANE DOE MILLER, <br><br> Defendant. | CASE NO. C15-0747 <br><br> ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Dkt. # 35. Defendants Fireworks Northwest, Scott Miller, and Jane Doe Miller oppose the motion. Dkt. # 39. The Plaintiff requested oral argument, but the Court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons stated below the Court DENIES the motion.

## II. BACKGROUND

Plaintiff Schneider National Carriers ("Schneider"), a logistics company specializing in multi-step commercial deliveries, is a Nevada corporation with its principal place of business in Wisconsin. Compl. ¶ 2.1. Defendant Fireworks Northwest, LLC ("Fireworks Northwest") was a corporation headquartered in Washington State. *Id.* ¶ 2.2; Dkt. # 40, Miller Decl. ¶ 1 ("Fireworks Northwest LLC . . . [is] no longer an actively operating business."). Defendant Scott Miller was the sole member of Fireworks Northwest. *Id.* ¶ 2.3.

On May 30, 2012, Victory Fireworks, Inc.—one of Schneider's regular clients and a competitor of Fireworks Northwest—contacted Schneider's sales representative, Dan Viera to arrange shipment of 28 pallets of fireworks from Ellsworth, Wisconsin to a seasonal fireworks market on the Tulalip Indian Reservation known as "Boom City." Keenon Decl. (Dkt. # 26) ¶ 2, Ex. A ("Gutting Dep.") at 10:17-9, 15:8-11. Schneider picked up the shipment on June 1, 2012 under a bill of lading that was prepared by Victory and included the correct delivery address in Boom City. *Id.* at 13:24-14:1, 15:8-11.

While the shipment was in transport, a Schneider employee entered an updated—and incorrect—address into the system, which changed the dispatch instructions for the driver. Keenon Decl. (Dkt. # 26) ¶ 4, Ex. C ("Ross Dep.") at 32:11-24. The driver's new instructions directed him to 6209 192nd Street Northeast, Arlington, Washington—Defendant Fireworks Northwest's warehouse. *Id.* at 30:9-14; Ehle Decl. (Dkt. # 37) ¶ 6. Noting the discrepancy between the address listed on the bill of lading and the updated

dispatch instructions, the driver called Schneider's operations fleet manager, John Ehle, who confirmed that the driver should deliver the shipment to the updated address. Ehle Decl. ¶ 6.

The parties disagree about what happened next. According to Mr. Ehle, the shipment was delivered to Fireworks Northwest's warehouse. *Id*. ¶ 7. By contrast, while Defendant Miller initially testified that he was unsure if the missing shipment was misdelivered to his warehouse,[1] Miller Dep. at 94:6-16 ("I can't say that it [was or was not]"), Mr. Miller has now submitted a declaration emphatically denying that he or "any employee of Fireworks Northwest . . . accepted a shipment of fireworks on June 6, 2012 from Schneider/Victory," Miller Decl. (Dkt. # 40) ¶ 9.

According to both parties, several aspects of the missing shipment's delivery were unusual. For example, when Schneider normally made deliveries for Victory, the shipments would be unloaded one of two ways, either (1) the delivery driver would drop off the trailer and obtain a signature from someone at the warehouse, or (2) "live unload" the trailer with help from Victory employees. Keenon Decl. ¶ 5, Ex. D ("Monett Dep.") at 12:8-18. Fireworks Northwest would also typically sign the bill of lading, as proof of delivery, something the "drivers usually require." Miller Dep. at 88:22-89:1. Yet there is no signed delivery receipt among the evidence submitted by the parties. Further, although making contact with someone at the delivery site was standard practice, the

---

[1] Miller claims he testified that he was unsure whether the shipment was delivered to his warehouse because "Schneider's lawyer Mr. Keenon kept irritating me with his harassing questions, elevated levels [and] negative tones in his voice. Looking back, I now know why my answer is confusing." Miller Decl. ¶ 11.

Schneider driver did not do so in this case. Monett Dep. at 12:8-18; Gutting Dep. at 17: 18-22, 18:20-24.

When the fireworks did not arrive in Boom City, Victory's wholesale manager, Michael Gutting, contacted his Schneider representative, who was unable to locate the delivery. Gutting Dep. 19:6-8. Victory's Northwest operations manager, Christopher Monett, then directed a Schneider employee to Fireworks Northwest's warehouse, contacted the Arlington police and the FBI, and "[f]inally . . . placed multiple telephone calls to Defendant Miller about the misdelivered shipment, leaving multiple voicemails." Monett Dep. 13:23-14:7. The Schneider employee did not find any trailers in Fireworks Northwest's yard and Schneider has not provided briefing or evidence regarding the outcome of the police and FBI investigations. *Id.* at 13:23-14:3. According to Mr. Monett, Mr. Miller did not return his calls. *Id*. at 19:1-2.

On May 13, 2015 Schneider filed the instant lawsuit, asserting common law causes of action for conversion, equitable restitution, and interference with business relationship, as well as a claim that Defendants violated Washington's Consumer Protection Act, RCW 19.86.020, *et seq*. Dkt. #1, *as amended* Dkt. #8. Victory Fireworks CEO Wayne Schulte claims the missing fireworks have a retail value of $161,460.00 and a wholesale value of $70,421.20. Schulte Decl. (Dkt. # 4) ¶ 4, Ex. 1; *see also* Gutting Dep. 34:25-36:2; Mot. at 7. Victory has assigned its claims to Schneider. Schulte Decl. ¶ 5, Ex. 2. Schneider now moves for summary judgment on its conversion and equitable restitution claims, Counts I-II of the Complaint. *See* Mot.

## III. ANALYSIS

On a motion for summary judgment, the Court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991). When confronted with purely legal questions, the Court does not defer to the non-moving party.

**A.    Schneider's Conversion Claim**

Schneider first moves for summary judgment on its conversion claim. *See* Mot. at 8-9. "Conversion is rooted in the common law action of trover and occurs when a person intentionally interferes with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of possession." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d 1214, 1223 (Wash. 2009). "Wrongful intent is not an element of conversion, and good faith is not a defense," but the plaintiff must nevertheless "prove some affirmative wrongful act by the defendant, either an actual conversion by the defendant or a demand for, and a refusal of, the property where this is

relied on to establish the conversion." *Brown ex rel. Richards v. Brown*, 239 P.3d 602, 610 (Wash. Ct. App. 2010); 90 C.J.S. *Trover and Conversion* § 95 (2017).

Accordingly, as an essential element of its conversion claim, Schneider is required to prove that, at some point, the Defendants had possession of the missing fireworks. *Judkins v. Sadler-Mac Neil*, 376 P.2d 837, 839 (Wash. 1962) (quoting Restatement, Torts, § 237 (1934)) (noting that defendant's possession of the property is a prerequisite to conversion); *see also H Co., Ltd. v. Michael Kors Stores, LLC*, 897 N.Y.S.2d 669 (N.Y. Sup. Ct. 2009) (finding no conversion of funds where the defendant never had possession). To prove that the Defendants took possession of the missing fireworks, Schneider has submitted the declaration of John Ehle, Schneider's Driver Business Leader, who swears that the missing shipment was delivered to Fireworks Northwest's warehouse. Ehle Decl. ¶7. In opposition, Defendant Miller submitted a declaration emphatically denying that he or "any employee of Fireworks Northwest . . . accepted a shipment of fireworks on June 6, 2012 from Schneider/Victory." Miller Decl. ¶ 9. The Court finds that these competing declarations establish a material issue of fact as to whether the shipment was delivered to the Fireworks Northwest warehouse and the issue is therefore inappropriate for resolution on summary judgment. *See Celotex*, 477 U.S. at 323.

Nevertheless, Schneider contends that Mr. Miller's declaration should be stricken under the "sham affidavit" rule because it conflicts with Mr. Miller's deposition testimony. Reply at 5. "'The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.'" *Van*

*Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991)). "This sham affidavit rule prevents 'a party who has been examined at length on deposition' from 'rais [ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony,' which 'would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Kennedy*, 952 F.2d at 266). "But the sham affidavit rule 'should be applied with caution' because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment.'" *Id*. at 1080 (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir.1993)). "In order to trigger the sham affidavit rule, the district court must make a factual determination that the contradiction is a sham, and the 'inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit.'" *Id*. (quoting *Van Asdale*, 577 F.3d at 998-99).

      Schneider contends that several passages in Mr. Miller's deposition testimony contradict Mr. Miller's declaration: Mr. Miller testified that (1) he was not present for every delivery made to the Fireworks Northwest warehouse in 2012, Keenon Decl., Miller Dep. at 55:2-4; (2) he was unsure if any of the seasonal employees had accepted deliveries, *id.* at 64:1-3; (3) Fireworks Northwest's regular shipments often did not arrive with shipping manifests, *id.* at 88:8-9, 18-21; (4) regular shipments were often broken up into smaller deliveries, so it was rare on first blush for Fireworks Northwest to "get the actual quantity that [the company] ordered," *id.* at 88:11-17; and (5) he could not say

with certainty that the missing fireworks shipment was not delivered to the Fireworks Northwest warehouse, *id.* at 94:6-15. *See* Reply at 4-5. While the passages Schneider highlights demonstrate an uncertainty about the missing fireworks shipment that is in conflict with Mr. Miller's emphatic declaration, Mr. Miller's declaration is nonetheless consistent with other testimony in the record.

Mr. Miller testified that at the end of the 2012 season, he conducted an analysis of his sales, which required him to review the inventory that came into his warehouses against the inventory he was able to sell, and "everything seemed fine." Miller Dep. at 95:9-19. In other words, Mr. Miller did not notice an additional inventory with a wholesale value of $70,421.20, the value Schneider assigns to the missing fireworks. Schulte Decl. ¶ 4, Ex. 1; *see also* Gutting Dep. 34:25-36:2; Mot. at 7. Mr. Miller also testified that he generally received notification ahead of each delivery—giving him time to arrange a crew to unload the shipments—and is unaware of any time when he did not receive such a notification ahead of a delivery in 2012. Miller Dep. at 64:8-18, 65:18-21. Mr. Miller did not receive a notification about the missing fireworks. *Id*. at 94:6-15. On these facts, the Court cannot conclude that the contradiction presented in Mr. Miller's declaration is a sham, nor that the inconsistency between Mr. Miller's deposition testimony and affidavit is "clear and unambiguous." *Yeager*, 693 F.3d at 1080 (quoting *Van Asdale*, 577 F.3d at 998-99).

Further, Schneider submitted evidence that also supports Mr. Miller's declaration. For example, the Schneider employee who searched Fireworks Northwest's warehouse yard for the missing shipment found no trailers, Monett Dep. at 13:23-14:3; Schneider

has not produced a signed delivery receipt—as drivers ordinarily require, *id*. at 12:8-18; Miller Dep. at 88:22-89:1—and lingering questions remain about why the driver of the missing shipment did not call anyone at Victory to confirm delivery, Gutting Dep. at 17:18-22, 18:20-24. Schneider has also failed to submit any evidence that someone saw the delivery at the Fireworks Northwest warehouse.[2] In keeping with "this Court's obligation to make reasonable inferences in favor of [Defendants]" the Court finds ample support for Mr. Miller's declaration that none of Fireworks Northwest's employees accepted the missing fireworks shipment or interfered with the shipment in any way. *Akowskey v. Bombardier Recreational Products, Inc.*, No. 3:15-CV-5571RJB, 2016 WL 6094823, at *3 (W.D. Wash. Oct. 19, 2016); Miller Decl. ¶ 9. Accordingly, the Court finds that Mr. Miller's declaration is not a sham, and issues of material fact remain regarding whether the Defendants were ever in possession of the missing fireworks.

**B.      Schneider's Claim for Equitable Restitution**

Schneider also moves for summary judgment on its equitable restitution Claim, but the same issues of material fact that prevent Schneider from proving conversion prevent the Court from awarding Schneider summary judgment here. "[T]he common law action for restitution employs unjust enrichment as an independent basis of substantive liability." *Davenport v. Washington Educ. Ass'n*, 197 P.3d 686, 697 (Wash. App. Ct. 2008). "Unlike the law of conversion, which requires that the transferee have wrongfully received the property of another, the law of restitution requires only that the

---

[2] The driver of the missing shipment has been unavailable to testify and has not submitted a declaration. Resp. at 9.

transferee have received the property of another under circumstances that result in the transferee's 'unjust enrichment.'" *Id*. Because Schneider has failed to prove, as a matter of law, that the Defendants were ever in possession of the missing fireworks, Schneider has likewise failed to prove that the Defendants "received the property of another." *Id*. Accordingly, Schneider's Claim for equitable restitution is also inappropriate for resolution on summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Summary Judgment. Dkt. # 35.

Dated this 24th day of April, 2017.

The Honorable Richard A. Jones  
United States District Judge