UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCHNEIDER NATIONAL CARRIERS, INC.,

    Plaintiff,

    v.

FIREWORKS NORTHWEST, LLC and SCOTT MILLER and JANE DOE MILLER,

    Defendant.

CASE NO. C15-0747RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants Scott Miller and Fireworks Northwest's (collectively, "Defendants") Motions in Limine. Dkt. # 45. For the reasons that follow the Court **GRANTS in part** and **DENIES in part** the motions.

## II. BACKGROUND

Plaintiff Schneider National Carriers, Inc., ("Plaintiff") alleges that by accepting delivery of a shipment of fireworks intended for a competitor, Victory Fireworks, Inc. ("Victory"), Defendants engaged in conversion and were unjustly enriched. Dkt. # 8 at ¶¶ 3.1-3.9. Discovery has closed, the dispositive motions deadline has passed, and trial is set for June 12, 2017.

ORDER – 1

## III. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). To resolve such motions, the Court is guided by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV. MUTUALLY AGREED MOTIONS IN LIMINE

1. The parties agree not to reference previous attempts by either party to dismiss any claim or exclude proffered evidence.

2. The parties agree that witnesses should be excluded from the courtroom until they are called to testify.

3. The parties agree not to reference the probable testimony of a witness who is absent, unavailable, or will not be called to testify in this case.

4. The parties agree not to reference litigation expenses.

5. The parties agree not to refer to the "golden rule" or similar themes, whether directly or indirectly. This includes any argument that asks jurors to place

ORDER – 2

themselves in the position of either party or to grant relief that they would feel entitled to if they were in the same position.

6. The parties agree not to introduce any police reports.

7. The parties agree that Victory Fireworks' CEO, Wayne Schulte, will not testify at trial.

8. The parties agree not to reference settlement discussions between the parties in this case.

## V. DEFENDANTS' MOTIONS IN LIMINE

### A. References to Prior or Concurrent Litigation or Settlements

Defendants seek to exclude references or evidence of prior litigation or settlements. Dkt. # 45 at 2-3. As background, in 2013, Defendants were named in similar litigation in Wisconsin, involving the fireworks shipment at issue in this case. Dkt. # 50 at 2. Defendants were eventually dismissed from that action for lack of personal jurisdiction. *Id.* Plaintiff argues that the Wisconsin litigation put Defendants on notice of the duty to retain business records relevant to the missing fireworks shipment, yet Defendants have produced no business records in this matter. *Id*. at 2-3 (citing Keenon Decl. (Dkt. # 36), ¶ 6, Ex. E "Miller Dep." at 116:8-20). Plaintiff seeks to refer to the Wisconsin litigation in order to "allow the jury to draw a permissible inference" that the records would have been unfavorable to Defendants. *Id*. at 3.

"A litigant is under a duty to preserve evidence in its possession or control that the party knows or should have known is relevant to litigation or which might lead to the discovery of admissible evidence." *Perez v. United States Postal Serv*., No. C12-00315

ORDER – 3

RSM, 2014 WL 10726125, at *3 (W.D. Wash. July 30, 2014). "The duty to preserve precedes the filing of a complaint, attaching as soon as a party 'should reasonably know that evidence may be relevant to anticipated litigation.'" *Id*. (quoting *Surowiec v. Capital Title Agency, Inc*., 790 F.Supp.2d 997, 1005 (D. Ariz.2011)). The party requesting sanctions for spoliation has the burden of proof on such a claim. *Hammann v. 800 Ideas, Inc*., 2:08-CV-00886-LDG, 2010 WL 4943991, at *7 (D. Nev. Nov. 22, 2010). "The applicable standard of proof in the Ninth Circuit appears to be by a preponderance of the evidence." *Id*.

The Wisconsin litigation put Defendants on notice of their duty to preserve all records relevant to the missing shipment of fireworks. Defendants were named in the previous suit and Mr. Miller testified that the business records—including inventory and sales records that may have been decisive in determining whether Defendants converted the missing fireworks—did not go missing until after the Wisconsin litigation, within the last "year or two." Dkt. # 50 at 2; Miller Dep. at 116:11-16. Accordingly, Defendants violated their duty to preserve relevant evidence and are subject to sanctions.

"'Sanctions that a federal court may impose for spoliation include assessing attorney's fees and costs, giving the jury an adverse inference instruction, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment.'" *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015) (quoting *U.S. v. Town of Colorado City, Ariz.*, 2014 WL 3724232, *7 (D.Ariz. Jul. 28, 2014)). "While the court has discretion to impose spoliation sanctions, it must determine which sanction best (1) deters parties from future spoliation; (2) places the risk

ORDER – 4

of an erroneous judgment on the spoliating party; and (3) restores the innocent party to their rightful litigation position." *Id.* (quoting *United States v. Town of Colorado City, Ariz.*, 3:12-CV-8123-HRH, 2014 WL 3724232, at *7 (D. Ariz. July 28, 2014)). "Ultimately, the choice of appropriate spoliation sanctions must be determined on a case-by-case basis, and should be commensurate to the spoliating party's motive or degree of fault in destroying the evidence." *Id.* (quoting *Town of Colorado City*, 2014 WL 3724232 at *7).

In this case, there are circumstances that support a finding of willfulness and countervailing circumstances that support a finding of mere negligence. While Mr. Miller testified that Defendants generally tried to maintain three years of business records indicating inventory, business sales, and receipts, Defendants destroyed or lost all such documents within two years of being named in a lawsuit that provided them with notice of the significance and relevance of these documents. Keenon Decl., Miller Dep. at. 116:8-20; 128:22-129:17. On the other hand, Mr. Miller testified that in the intervening years between the Wisconsin litigation and the current litigation, Defendants closed Fireworks Northwest, and Defendants Scott Miller and Jane Doe Miller got divorced. *Id.* at 128:22-129:25; 116:11-16. Mr. Miller testified that this process of "things getting, you know, conglomerated and put together and some stuff being tossed away," meant that the business records were likely lost. *Id.* The unusual events taking place between the Wisconsin litigation and the current litigation—shuttering the business, divorce—point towards negligence, not willfulness. The Court therefore finds Plaintiff's proposal is fair. Plaintiff may introduce evidence of the Wisconsin litigation, and the jury will be

ORDER – 5

permitted to draw an inference that the business records would have been unfavorable to Defendants; such a sanction is commensurate with a finding that Defendants were merely negligent in failing to preserve relevant records.

Defendants also seek to exclude any discussion of prior or concurrent settlement negotiations. Dkt. # 45 at 2-3. Plaintiff has agreed not to reference settlement discussions, but seeks to reference the fact of Plaintiff's settlement with Victory Fireworks for the limited purpose of demonstrating that Victory assigned these claims to Plaintiff, who therefore has standing in this matter. Dkt. # 50 at 3. Federal Rule of Evidence 408 prohibits the introduction of settlement evidence when offered to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. Fed. R. Evid. 408. The court may admit evidence of prior settlements for other purposes, however. *Id.* In this case, Plaintiff seeks to admit evidence of the earlier settlement only to demonstrate that Plaintiff has standing; this is acceptable under Rule 408.

Accordingly, the Court **DENIES** Defendants' motion.

### B.     Testimony of Dan Viera and Edward Ash III

Defendants move to exclude the testimony of Dan Viera and Edward Ash III. Dkt. # 45 at 3-4. Plaintiff agrees not to call Dan Viera, who is not available to testify. Dkt. # 50 at 4. Plaintiff, however, "is hoping to arrange for [Mr. Ash's] appearance at trial." *Id.* at 5.

Defendants argue that because Plaintiff (1) failed to disclose Mr. Ash in Plaintiff's Rule 26 initial disclosures and (2) did not make Mr. Ash available to testify at deposition,

ORDER – 6

Mr. Ash should not be permitted to testify at trial. Dkt. # 45 at 3-4. Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties" certain identifying information about "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). The failure to comply with Rule 26(a) disclosure requirements may result in the imposition of sanctions pursuant to Rule 37. In relevant part, Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

*See* Fed. R. Civ. P. 37(c). However, failure to disclose a witness is harmless where the witness's identity, position, location, and the subject of the information he possesses are made known to the opposing party well ahead of the discovery deadline. *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012); *see also HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1173-74 (E.D. Wash. 2015) (same).

Here, Defendants were aware that Mr. Ash "may have information regarding the shipment order placed with Schneider and its delivery" because Defendants themselves listed Mr. Ash on their initial disclosures. Dkt. # 26 at 2. Defendants also sought to depose Mr. Ash well before the discovery cutoff. *See* Keenon Decl. (Dkt. # 51), Ex. B at 2-3. Given these facts, Defendants were not harmed by Plaintiff's initial failure to disclose Mr. Ash.

Defendants next argue that Plaintiff's failure to make Mr. Ash available for

ORDER – 7

depositions should preclude his testimony. Dkt. # 45 at 3-4. In response, Plaintiff has submitted a January 6, 2017 email between the attorneys in this matter, where Plaintiff's counsel offered to subpoena Mr. Ash, who no longer worked for Plaintiff, and Defense counsel replied: "we can scratch Ash." Keenon Supp. Decl. (Dkt. # 51), Ex. B at 2-4. From this evidence, the Court can only conclude that Plaintiff was actively working to facilitate the deposition testimony of Mr. Ash, long before discovery closed on February 6, 2017. Dkt. # 34.

Accordingly, the Court **DENIES** Defendants' motion.

**C.    Documents**

**i.    Emails**

Defendants seek to exclude all email exhibits pursuant to Federal Rules of Evidence 802, 803, 901 and 902. Dkt. #45 at 4-5. In particular, Defendants seek to exclude email exhibits because they were created by witnesses who will not be available to lay a proper foundation or identify the emails at trial. *Id*. at 5. Defendants also claim that the emails contain hearsay statements that are not subject to any exception. *Id*. In response, Plaintiff clarifies Defendants' motion, explaining that it relates to three emails that were identified during the deposition of Michael Gutting, Victory Fireworks' wholesale sales manager. Dkt. # 50 at 5-6.

First, the Court finds that the emails have been properly authenticated. The emails are between Mr. Gutting and Dan Viera, Mr. Gutting's contact at Schneider logistics. *Id*. at 6; Keenon Decl. (Dkt. # 36), Ex. A "Gutting Dep." at 11:9-13:17. Mr. Gutting testified at length about creating the emails and the purpose of the emails, identifying and

ORDER – 8

authenticating the emails in the process.   Gutting Dep. at 11:9-13:17; 21:7-25; *See also* Fed. R. Evid. 901(b)(1)(A document can be authenticated through the "[t]estimony of [a] witness with knowledge. Testimony that a matter is what it is claimed to be"); *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir.2001)(citations omitted) ("Rule 901 does not erect a particularly high hurdle, . . . and the proponent of the evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be . . . .").

The Court next finds that two of the emails at issue, Gutting Dep., Ex. 1-2, are admissible business records; the third email, *id*., Ex. 5, is hearsay not subject to any exception.  The first and second emails, Gutting Dep., Ex. 1-2, simply coordinate and confirm that Schneider would deliver the fireworks and the rate for that delivery. *Id.* These emails satisfy each of the requirements of the business records exception to the hearsay rule: the emails were made at the time the shipment transportation was arranged; were kept on the Schneider server, consistent with the ordinary arrangement for such shipments;  Mr. Gutting, a recipient and author of the emails, identified and authenticated the documents during his deposition; and Defendants have not shown or even argued that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Gutting dep. at 9:2-8, 10:17-19, 11:9-16, 12:17-13:19; Fed. R. Civ. P. 803(6)(A)-(E).

The third email, however, is inadmissible hearsay.  Mr. Gutting describes this email, which has been redacted and resubmitted by Plaintiff in opposition to Defendants' Motions in Limine, as a "statement—not a—a recollection from me to our lawyer, Ryan

ORDER – 9

Benson, stating what transpired." Gutting Dep. 21:18-20; Keenon Decl. (Dkt. # 51), Ex. 1. The redacted email, although now only two sentences, is still exclusively hearsay, and contains no information that constitutes the first-hand knowledge of Mr. Gutting. Keenon Decl., Ex. 1 ("Schneider said they received a call"; "Dan told me that the load was rerouted"). Plaintiff does not propose any applicable exceptions to the hearsay rule, and the Court therefore finds the email to be inadmissible hearsay.

Accordingly, Defendants' motion is **GRANTED in part** and **DENIED in part**. Plaintiff may introduce the first two exhibits from Mr. Gutting's deposition, Gutting Dep., Ex. 1-2; the third email, between Mr. Gutting and Ryan Benson, is excluded, *id*., Ex. 5.

### ii. Shipment Tender and "About Record"

Defendant next seeks to exclude the shipment tender for the missing fireworks and the "about record," a printout of a program window that references the underlying shipment at issue, because these documents are hearsay and Plaintiff has not provided evidence that they were created in the ordinary course of business. Dkt. # 45 at 5. Plaintiff counters that Aaron Ross, an employee of Plaintiff's with knowledge of these documents, will testify live at trial and will provide the foundation for the admission of these exhibits into evidence. Dkt. # 50 at 7. Therefore, the Defendants' motion is **DENIED in part** and **RESERVED in part**. The shipment tender and "about record" may be admitted provided that Plaintiff's witness is able to lay a proper foundation and demonstrate that these exhibits are admissible.

ORDER – 10

### iii. Claim Reporting Information/Chart

Defendant seeks to exclude the written claim submitted by Victory Fireworks to Schneider following the mis-delivery of the fireworks shipment because the second page of this exhibit has unidentifiable handwriting notes. Dkt. #45 at 6 (referencing Cunanan Decl., Ex. H). Plaintiff agrees to exclude the page with the unidentifiable handwriting—the second page of this document. Dkt. #50 at 7. The Defendants' motion is therefore **GRANTED in part** and **DENIED in part**. Plaintiff may only introduce the first page of this exhibit.

### iv. Warehouse Lease

Defendants seek to exclude the warehouse lease for the Fireworks Northwest warehouse location in Arlington, arguing that it lacks relevance and violates the best evidence rule because the same information could be introduced through the testimony of Scott Miller. Dkt. # 45 at 6. The Court finds that the warehouse lease is relevant to a central issue in this matter: whether the missing fireworks shipment was delivered to a location in the exclusive possession and control of Defendants. *See* Joint Proposed Jury Instruction No. 20 (Dkt. # 58) at 27 (providing the definition of conversion); *see also* Dkt. # 50 at 8.

The Court also finds that the best evidence rule, Federal Rule of Evidence 1002, does not prevent introduction of the lease simply because Mr. Miller can also testify to its contents. Rule 1002 requires that when a party offers evidence of the contents of a writing, recording, or photograph, the original is required unless another rule or statute provides otherwise. Fed. R. Evid. 1002. In this case, Defendants argue that the original

ORDER – 11

lease should not be introduced because Mr. Miller can testify to the lease's contents; this argument reverses, and is antithetical to, the very rule Defendants cite. Dkt. # 45 at 6. Accordingly, Defendants motion is **DENIED**.

### D. Testimony of Aaron Ross and Vanessa Walker

Defendants seek to exclude the testimony of Aaron Ross and Vanessa Walker, claiming that any testimony by these witnesses "beyond the simple fact that the shipment was re-routed goes beyond [their] immediate knowledge and amounts to hearsay, and prejudicial opinion testimony while lacking relevance under Fed. R. Evid. 801, 403, and 401." Dkt. # 45 at 7. Although not explicit, Defendants are apparently concerned that Mr. Ross and Ms. Walker will testify that Defendants participated in rerouting the missing shipment. *See e.g.* Dkt. # 42 at 2, 3 n. 1 (implying that the Defendants' supplied the updated routing information that led to the mistaken delivery); Keenon Decl., Gutting Dep. at 19:13-16 (Mr. Gutting testifying that he was told that "a person named Scott [Miller] called Schneider and rerouted the shipment"). Such testimony, unsupported by any personal knowledge on the part of either Mr. Ross or Ms. Walker, would be both irrelevant and prejudicial. *See* Cunanan Decl., Ex. C "Ross Dep." at 15:7-12 (describing a lack of familiarity with Mr. Miller); *id*., Ex. D "Walker Dep." at 16:16-24 (same).

Accordingly, Mr. Ross will only be permitted to testify upon matters for which he has personal knowledge: the manner in which shipments are booked, his contact with Ms. Walker regarding the shipment in question, and about the authenticity of the shipment tender and about record. *See* Section V.C.ii, *supra*. Ms. Walker will only be permitted to testify regarding the manner in which shipments are booked and her contact with Mr.

ORDER – 12

Ross regarding the shipment in question. Any testimony that references or implies that Defendants participated in rerouting the shipment is excluded. Defendants' motion is therefore **DENIED in part** and **GRANTED in part**.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motions in Limine. Dkt. # 45. In doing so, the Court reminds the parties that an attorney or witness who violates any of the above evidentiary rulings runs the risk of opening the door to the admission of evidence that would otherwise be precluded by this Order.

DATED this 6th day of June, 2017.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 13